HELEN L. KEEGAN, an Infant, by K. FRIEDRICH MIELKE, Her Guardian ad Litem, Appellant, *v.* WILLIAM J. KEEGAN, Respondent.

First Department, May 2, 1924.

Husband and wife — annulment of marriage — husband abandoned wife while she was in hospital for confinement, and before she reached legal age, and refused to support her — marriage annulled under Domestic *Relations Law,* section 7, subd. 1 (as amd. by Laws of 1922, chap. 313).

The marriage of a girl seventeen years of age, without the knowledge or consent of her parents, should be annulled under subdivision 1 of section 7 of the Domestic Relations Law (as amd. by Laws of 1922, chap. 313), where it appears that while her husband lived with her in her parents' home for a few months, he abandoned her before she reached the legal age of consent and when she went to a hospital for confinement, and refused to support her, and left the jurisdiction of the court; and that since attaining the age of eighteen years she has not lived with or cohabited with her husband.

APPEAL by the plaintiff, Helen L. Keegan, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of December,

1923, upon the decision of the court rendered after a trial at the New York Trial Term without a jury dismissing the complaint upon the merits.

*Greenthal & Greenthal* [*Michael Diemert* of counsel], for the appellant.

No appearance for the respondent.

FINCH, J.:

Plaintiff was seventeen years, one month and twenty-three days old when married and less than seven months thereafter gave birth to a child. She was married without the knowledge or consent of her parents. Her husband lived with her in her parents' home for a few months, and when she went to the hospital for confinement abandoned her, refused to support her and has left the jurisdiction of the court. Since attaining the age of eighteen years the plaintiff has not lived with or cohabited with the defendant.

Under the cases decided prior to the enactment and taking effect of the amendment of 1922 to the Domestic Relations Law, a party contracting a marriage while under the age of consent was absolute'y entitled to a decree of annulment, even where the consent of the parents was had to such marriage, provided said party had not for any time after attaining the age of legal consent freely cohabited with the other party as husband or wife. (*Kruger* v. *Kruger*, 137 App. Div. 289; *Herrman* v. *Herrman*, 93 Misc. Rep. 315; affd., 176 App. Div. 914; Civ. Prac. Act, §§ 1132, 1133.) By chapter 313 of the Laws of 1922 (amdg. Dom. Rel. Law, § 7, subd. 1), in effect September 1, 1922, the law now provides as follows:

" A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto:

" 1. Is under the age of legal consent, which is eighteen years, *provided that such nonage shall not of itself constitute an absolute right to the annulment of such marriage, but such annulment shall be in the discretion of the court which shall take into consideration all the facts and circumstances surrounding such marriage.*" (Italicized portion is new.)

The court held that abandonment and non-support were not sufficient to warrant an annulment of the marriage. If such are not sufficient under the facts in the case at bar, it is difficult to imagine a case where the facts would warrant a decree. Prior to the aforesaid amendment of 1922 the law gave an infant an absolute right, if there had been no voluntary cohabitation after the age of legal consent, to repent of a contract upon the presumption that the age of discretion had not been reached. Presumably the Legislature meant to prevent the exercise of such right without good

cause. When, however, the facts show, as here, that the infant has been completely abandoned by her husband without any attempt at support after only a few months of living together, and at a time when her confinement, rendering her helpless, should have particularly appealed to the defendant, a case is made out entitling the plaintiff to relief.

The judgment should be reversed, with costs, new findings made and the decree granted, with costs.

Clarke, P. J., Merrell and Martin, JJ., concur.

Judgment reversed, with costs, and decree granted, with costs. Present order containing new findings and conclusions of law.