THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of JACOB BEIDERMAN, Respondent, v. JAMES C. DANZILO, Also Known as JAMES and JAMES E. DANZILO, Appellant.— Appeal from a judgment by a city magistrate, sitting as a Court of Special Sessions of the City of New York [Municipal Term], Borough of Brooklyn, convicting defendant of a violation of section 225 of the Sanitary Code (failure to furnish sufficient heat). Judgment reversed on the law and the facts, information dismissed and fine remitted. The evidence did not warrant a finding that the section was violated in view of the testimony respecting the conduct of the tenant in so far as it affected the temperature in the rooms. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS F. GEISSLER, Respondent, v. BENJAMIN N. BLYDENBURGH and Others, as Assessors of the Town of Huntington, Suffolk County, Appellants.— Appeal from order and judgment reducing assessment on five parcels of realty as fixed in the year 1936, for the tax year of 1937. Order and judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDGAR SCHULHOF, Appellant, v. LEWIS E. LAWES, Warden of Sing Sing State Prison, Ossining, New York, Respondent.— Order dismissing writ of habeas corpus affirmed. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

CATHERINE QUINZI, an Infant, by ONOFRIO PITTI, Her Guardian ad Litem, Appellant, v. VINCENT QUINZI, Respondent.— In an action to annul a marriage on the ground that the plaintiff was under the age of consent at the time of the marriage contract, judgment dismissing the complaint reversed on the law and the facts, without costs, and an interlocutory judgment of annulment granted, without costs. The plaintiff was sixteen years of age at the time of the marriage. She lived with the defendant for a little more than a month at his mother's home. There is undisputed proof of cruel and inhuman treatment, and concededly the defendant has never contributed to the plaintiff's support. There has been no cohabitation since the plaintiff left her mother-in-law's home. The court found all the facts in the plaintiff's favor. There is no likelihood that the parties can ever make a successful marriage, and both desire the annulment. Under these circumstances it was an improper exercise of discretion to refuse relief. (Keegan v. Keegan, 209 App. Div. 74.) Findings of fact approved and plaintiff's conclusions of law adopted. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

BENJAMIN S. RAYNOR, Respondent, v. HARRY STEINFIELD, Appellant.— Appeal from an order denying defendant's motion to vacate a default judgment entered June 18, 1932, in Suffolk county, and a transcript thereof filed July 25, 1940, in Nassau county, on the ground that personal service of process was never had. Order reversed on the law and the facts, with ten dollars costs and disbursements, and matter remitted to Special Term to determine on oral proof whether defendant was, in fact, served. Whether or not defendant was served cannot be determined except on an oral hearing, in view of the conflict in the affidavits of affiants Steinfield, Sternfels and Walker. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.