KEITH *v.* PACK.

*(Nashville,* December Term, 1944.)

Opinion filed May 5, 1945.

STERLING S. BROWN, of Woodbury, for Keith, complainant (petitioner here).

FRANK DAVENPORT, of McMinnville, for Pack, defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by Isaac L. Keith as next friend and father of his daughter Bobby Ann to set aside a marriage contracted between her and defendant Manson Pack in the State of Georgia. The chancellor and the Court of Appeals dismissed the bill and the complainant has appealed.

The bill charges that the girl was only 13 years of age at the time she undertook to marry the defendant. Although her age is a matter of dispute in the record, the lower courts have concurrently found that she was only 13 years old at this time. The marriage ceremony was duly performed by a justice of the peace in Georgia and, except for the girl's age, was valid.

The Georgia Code, Sec. 53-102 (2931), fixes the least marriageable age of a female at fourteen years.

All these parties lived in McMinnville. After Pack and the girl were married in Georgia they returned to McMinnville and she stayed with him at his house for two days and nights. Her father then took her home, where she remained a short time. During this time her father whipped her and she slipped out of the house,

went back to Pack, and they left the State, going to Alabama and later to one of the northern States. While they were away the girl attained the age of fourteen years and after this time for some months they continued to live together as man and wife. Some sort of indictment was found against Pack, he was located and brought back to Tennessee.

Construing their statutes, the Georgia Court has repeatedly held that subsequent cohabitation as husband and wife after the under age party attained marriageable years rendered the marriage valid. *Smith* v. *Smith*, 84 Ga. 440, 11 S. E. 496, 8 L. R. A. 362; *Americus Gas & Electric Co.* v. *Coleman*, 16 Ga. App. 17, 84 S E. 493; *Luke* v. *Hill*, 137 Ga. 159, 73 S. E. 345, 38 L R. A. (N. S.), 559; *Smith* v. *Reed*, 145 Ga. 724, 89 S. E. 815, L. R. A. 1917A, 492. Thus, at the time the bill herein was filed, the marriage between these two parties was valid under Georgia law.

In *Pennegar* v. *State*, 87 Tenn. 244, 10 S. W. 305, 308, 2 L. R. A. 703, 10 Am. St. Rep. 648, this Court considered at length marriages contracted in another State, valid under the laws of that State, which would have been invalid under the laws of this State, and the Court said that where parties from this State had gone to such other States, for the purpose of avoiding our own laws "in matters of form, ceremony, or qualifications," marriages legal in those States would be regarded as legal here. This was reaffirmed in *Jennings* v. *Jennings*, 165 Tenn. 295, 54 S. W. (2d) 961.

No reason is apparent why these parties went to Georgia to contract their marriage except that the girl was not qualified under the laws of Tennessee by reason of her age to enter into such a contract. We accordingly agree with the chancellor and the Court of Appeals that

this marriage now valid under Georgia laws where it was contracted is to be treated as valid in this State.

The lower courts sustained the foregoing conclusion by the citation of many authorities showing that the general rule is in accord with a rule of this State as laid down in *Pennegar* v. *State, supra.*

It is insisted by the complainant that Chapter 81 of the Public Acts of 1937 ordains a public policy in this State which requires the Court to hold a marriage such as this invalid. We do not think so.

That Act forbids the issuance of a marriage license to any person where either of the contracting parties is under the age of 16 years, with certain exceptions, and provides "that any marriage contracted in violation of this Act may be annulled upon proper proceedings therefor by such person or any interested person acting in his or her behalf."

The Act contains other regulations with respect to marriage, but Section 6 provides: "That failure to comply with the requirements of this law, however, shall not affect the validity of any marriage consummated by ceremony."

Section 6 just quoted removes the statute from that class of statutes which render void a marriage contracted between whites and negroes and between a defendant divorced for adultery and his paramour. Statutes such as the latter, as said in *Pennegar* v. *State, supra,* are "passed in pursuance of a determined policy of the state, in the interest of public morals." See also *Jennings* v. *Jennings, supra.*

Evidently the legislature thought that public morals would be better subserved by recognizing the validity of a marriage consummated by ceremony even though it

was contracted in violation of the provisions of Chapter 81 of the Public Acts of 1937.

It will have been observed that Section 1 of the Act from which we first above quoted provides that a marriage, either of the parties being under 16 years of age, "may be annulled upon proper proceedings." The use of the word *may* obviously commits to the Court a certain discretion as to the annulment of such marriages. The provision is not imperative. If it were, it could not be reconciled with Section 6. The marriage is valid until set aside by the Court.

The chancellor and the Court of Appeals have considered the facts of this case and declined to annul the marriage and we see no reason to interfere with result reached by them.

It may be added that the record shows a motion in the Court of Appeals to dismiss the complainant's appeal upon the theory that the suit for annulment had become moot. It appears from the motion that the wife in this case has now filed a suit for divorce. Of course there could be no divorce unless there was a previous marriage and a suit for divorce concedes an existing marriage. Whether the annulment suit became moot by reason of the divorce bill we need not decide. It remains, however, that since the filing of this divorce bill the complainant is in poor position to maintain his appeal.

The petition for *certiorari* is denied.