FAY SELAKOFF, an Infant, by PAULINE SMITH, Her Guardian ad Litem, Plaintiff, v. DAVID SELAKOFF, Defendant.

Supreme Court, Trial Term, New York County, October 24, 1949.

*Joseph Steckler* for plaintiff.

*Nathan Finkelstein* for defendant.

HOFSTADTER, J.   In this action to annul a marriage the defendant interposed an answer and, though represented by counsel on the trial, did not actively defend.

I find that on the date of the plaintiff's marriage to the defendant in this city February 28, 1948, the plaintiff was less than seventeen-years old. The defendant treated the plaintiff with contempt and brutality and refused to support her. In March, 1948, they were separated for a few days but were reconciled on the defendant's promise to mend his ways. The reconciliation, however, was of short duration and on April 2, 1948, following another violent outburst by the defendant, the parties separated permanently. Thus, the marriage lasted a little over one month. Fortunately there are no children. The plaintiff prays for an annulment pursuant to section 7 of

the Domestic Relations Law, on the ground that she was under the age of legal consent, eighteen years. This fact is established. Under the statute annulment is in the court's discretion. The defendant's conduct shows a complete disregard of the fundamentals of the marital relation. In the circumstances, especially where there are no children, the plaintiff is clearly entitled to the annulment she seeks (*Quinzi* v. *Quinzi,* 261 App. Div. 929; *Keegan* v. *Keegan,* 209 App. Div. 74). Settle decision and judgment for plaintiff accordingly.