LAMAR, et al. *v.* SHOEMAKE, ADMR., ETC.

No. 41359          February 1, 1960          117 So. 2d 716

*Barnett, Jones & Montgomery,* Jackson; *E. L. Lamar,* Pittsboro, for appellants.

*Horan & Horan,* Water Valley; *Paul M. Moore,* Calhoun City, for appellees.

ETHRIDGE, J.

The principal question is whether there was any substantial evidence to support the finding of the chancery court that appellee, Lometa Marie Moore Lamar, contracted a common-law marriage with James C. Lamar before his death in 1957.

This issue was tried on a bill of interpleader filed in the Chancery Court of Calhoun County by W. J. Shoemake, administrator of the estate of James C. Lamar, deceased. The administrator interpleaded certain funds

belonging to the estate and received by him in the settlement of tort claims against third parties. Lometa and her child, appellees, answered the bill of interpleader and asserted that she and James C. Lamar contracted a common-law marriage in September 1951, and they lived together as husband and wife until his death; that Cathy Marie Lamar, born in 1954, was the child of their marriage. Mrs. Gatha Lamar, mother of the deceased, and her two surviving sons and daughter, were defendants to the bill of interpleader and are appellants here. Their answer denied that James married Lometa, and asserted they, as next of kin, were his sole heirs. They also filed a cross-bill attacking the validity of the administration of the estate, and praying for a decree against cross-defendants, the administrator, Lometa and her child, for all of the funds of the estate.

After a lengthy hearing upon conflicting testimony, the chancellor rendered an opinion stating that he was ''convinced by all of the evidence'' that James and Lometa contracted a common-law marriage beginning in September 1951. This occurred prior to the enactment in 1956 of Miss. Code 1942, Recomp., Sec. 465.5, abolishing common-law marriages thereafter. After a careful consideration of the record, we conclude that the great weight of the evidence supports the finding by the chancellor of a common-law marriage between James and Lometa. Bunkley and Morse's Amis, Divorce and Separation in Mississippi (1957), Sec. 1.02.

Shortly after the inception of this common-law marriage, Lometa signed a promissory note at the bank and entered a hospital in her maiden name. Appellants strenuously argue these circumstances, but they are facts to be evaluated by the trial court along with all of the other evidence. The record clearly reflects and the chancellor found that the families of both parties to the marriage recognized them as being married and the child as legitimate. They cohabitated together for a number

of years as husband and wife and held themselves out as such. The trial court was warranted in infering and concluding from the evidence that these parties had mutually agreed to live together as husband and wife and to assume the resulting duties and rights toward one another, and that they did this.

On an ex parte petition by the sheriff, joined in by Lometa as the widow, the chancery clerk appointed Shoemake as the administrator of James' estate. That order recited that she was the "wife of said decedent". The appointment was confirmed by the chancery court at the next regular term. Subsequently the chancellor signed an order authorizing settlement of the tort claims of the estate. That decree also stated that Lometa was "the widow of said decedent". Thereafter appellants gave notice of their intent to contest the validity of the marriage, so the administrator filed a bill of interpleader, joining Lometa and her child, and the appellants as defendants. The chancellor ruled those two orders created a prima facie showing that Lometa was the widow of James, and the burden of going forward with the evidence to rebut it was upon appellants.

Appellants were not parties to the estate proceedings when these orders were entered. They complain that this ruling of the trial court is reversible error. We cannot agree. The chancellor's opinion stated that he would give no particular weight to this prima facie showing, and he was convinced from all of the evidence that there was a common-law marriage. He found its validity was "supported by a preponderance of the evidence". It is manifest that the court made its findings and decree on the basis of an appraisal of the evidence, independently of any presumption. In fact, we think that the great weight of the evidence supports the decision reached.

Moreover, this case arose on a bill of interpleader. Both groups of claimants must recover on the

strength of their own title rather than on the weakness of that of the adversary. Each claimant has the burden of establishing his own claim by a preponderance of the evidence. 48 C. J. S., Interpleader, Sec. 41. ██ ██ The burden of proving a common-law marriage is upon the party asserting it. 55 C. J. S., Marriage, Sec. 43. The chancellor correctly found that Lometa and Cathy had met their burden of establishing the existence of a common-law marriage. Under these circumstances, and assuming but not deciding he was in error in holding these ex parte orders to create a prima facie showing of heirship, it was harmless error. See Anno., 119 A. L. R. 594, 608 (1939); 21 Am. Jur., Executors and Administrators, Secs. 116, 122.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.