**SHELBY COUNTY, Tennessee**

**v.**

**Albert WILLIAMS et al.**

Supreme Court of Tennessee.

May 6, 1974.

J. Harold Nichols, Memphis, for appellant.

Robert M. Fargarson, Warren Miller, C. Cleveland Drennon, Jr., Memphis, for appellees.

## OPINION

McCANLESS, Justice.

This is an appeal from a judgment in a condemnation suit in which the only question for our determination is whether the children of a Mississippi common law marriage are to be recognized as heirs to Tennessee real estate. The Circuit Court adjudged that the courts of Tennessee could not recognize the Mississippi common law marriage and the legitimacy of the offspring of the marriage.

The Circuit Court in denying the children of the common law marriage the right to inherit through their father gave as its reason that the statutes of Mississippi by virtue of which they asserted their claim are in conflict and opposition to the laws and public policy of Tennessee.

Counsel have stipulated all the facts and the appeal is directly to this Court.

Shelby County filed its condemnation suit against the known and unknown heirs of one Andrew Jackson, the paternal grandfather of the appellants, Rhodiel Jackson Johnson and J. C. Jackson, to acquire title to a tract of land located in Shelby County. $29,580.00, the value of the property, is in the clerk's hands awaiting distribution in accordance with the final judgment in this suit.

Melakiah or "Pete" Jackson was the lawful issue of Andrew Jackson and his wife who were residents of Tennessee. Melakiah Jackson moved to Mississippi where he lived with Gussie Johnson whom he acknowledged and recognized as his wife. To this union the appellants were born in Mississippi, J. C. Jackson in 1920 and Rhodiel Jackson Johnson in 1922.

Common law marriages were recognized in Mississippi from 1906 until 1957. Mississippi Code Annotated, § 465, § 465.5 [1956]; Lamar v. Shoemake, 238 Miss. 90, 117 So.2d 716 [1960]. Under Mississippi law, therefore, the common law marriage of Melakiah or "Pete" Jackson and Gussie Johnson was a lawful marriage when the appellants were born and under the law of that state they were the legitimate children of that marriage.

The question before us is not one of first impression in our State. In Troxel v. Jones, 45 Tenn.App. 264, 322 S.W.2d 251 [1958], the Court of Appeals, in the language of Judge Felts, said:

"Though Tennessee does not recognize as valid a common law marriage con

tracted within this state, our courts do recognize as valid a common law marriage contracted in a state where such a marriage is valid. Pennegar v. State, 87 Tenn. 244, 10 S.W. 305, 308, 2 L.R.A. 703, 10 Am.St.Rep. 648; Keith v. Pack, 182 Tenn. 420, 187 S.W.2d 618, 159 A.L.R. 101; Smith v. Mitchell, 185 Tenn. 57, 202 S.W.2d 979."

The Court of Appeals had occasion to deal with the same question in Lightsey v. Lightsey, 56 Tenn.App. 394, 407 S.W.2d 684 [1966], in which the court through Judge Humphreys said:

"It is settled law in Tennessee that though a common law marriage cannot be contracted within this State, our courts do recognize a common law marriage contracted in a state where such a marriage is valid."

Both the opinions of the Court of Appeals, from which we have quoted, cited Smith et al. v. Mitchell et al., 185 Tenn. 57, 202 S.W.2d 979 [1947], in which Mr. Justice A. B. Neil aptly observed:

" . . . And according to the statute of Alabama the petitioners thereby became the legitimate children of their parents. But the question before us is still unsolved. Are they the lawful children of their parents in Alabama and bastards in Tennessee, because they did not go along with their parents and establish a domicile in Alabama when the marriage took place? We think not."

We conclude that under the law of Tennessee as declared by our courts in the opinions we have cited and quoted from the appellants, Rhodiel Jackson Johnson and J. C. Jackson, must be recognized as lawful heirs of Andrew Jackson through the common law marriage of his son, Melakiah or "Pete" Jackson and Gussie Johnson.

To this extent we modify the judgment of the Circuit Court. We remand the suit to the Circuit Court for further action consistent with this opinion.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.