# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 20, 2010 Session

## WILLIAM ROBERT LINDSLEY, v. LISA WHITMAN LINDSLEY

**Appeal from the Circuit Court for Blount County**
**No. E-22576     Hon. William Dale Young, Judge**

**No. E2008-02525-COA-R3-CV - FILED JUNE 11, 2010**

The plaintiff had filed suit for divorce against defendant and defendant moved for summary judgment on the ground that plaintiff had a prior marriage and theirs was a bigamous relationship. The Trial Judge held that defendant had a prior marriage and voided the parties' marriage *ab initio* and dismissed the action. Plaintiff has appealed. We hold that under Texas law where they married, and California law where they resided prior to coming to Tennessee, they could, under the statute, enter into a common-law marriage after the spouse was divorced in the prior marriage. The disputed issue of fact in the summary judgment is whether the parties entered into a common-law marriage after the plaintiff's prior marriage ended. We remand for a determination of this factual issue.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  D. MICHAEL SWINEY, J.,  and JOHN W. MCCLARTY, J., joined.

Brett D. Stokes, Knoxville, Tennessee, for the appellant, William Robert Lindsley.

Damon Wooten, Maryville, Tennessee, for the appellee, Lisa Whitman Lindsley.

# OPINION

The Trial Court granted a summary judgment in this divorce case, wherein the wife/ defendant pled that her marriage with plaintiff/husband was void based on the fact that he was married to another women at the time of her marriage to plaintiff.

Plaintiff brought this action for divorce on August 8, 2008, which averred that the Lindsleys resided in Maryville, Tennessee, that they had married on December 7, 1997 and that there was one minor child of the marriage. The ground for divorce was stated as irreconcilable differences or, alternatively, defendant's inappropriate marital conduct. Defendant filed an answer and a counter-complaint asking for an annulment because the marriage was void pursuant to Tenn. Code Ann. § 36-4-101(2). The counter-complaint alleged that the marriage was void based on the allegation that plaintiff had entered into the marriage with defendant before his previous marriage had been dissolved and that he was guilty of bigamy. Further, that the parties had maintained separate property during their time of co-habitation as provided by a prenuptial agreement, which was attached to the counter-complaint. The counter-complaint further alleged that the Lindsleys had entered into a contract whereby plaintiff was to pay defendant $40,000.00 in weekly installments of $200.00 for valuable consideration and that he had refused.

Defendant then filed a motion for summary judgment asking the Court to dismiss the complaint. Her statement and amended statement of material facts not in dispute pursuant to Tenn. Code Civ. P. 56.03 simply state:

1. The Plaintiff was married to Debra Lindsey [sic] from 8/30/80 until the divorce on 6/16/2003.

2. The parties were married on December 7, 1997, while the Plaintiff was still married to Debra Lindsley.

3. The Defendant was not aware of the existing marriage at the time she married the Plaintiff.

4. After the Defendant leaned of the prior existing marriage the parties continued to live together in California and Tennessee. However the parties did not hold themselves out to be married.

5. The Parties never lived together in Texas after the Plaintiff was divorced from his first wife or at any other time.

The foregoing is supported in an affidavit filed by defendant.

In plaintiff's response, he contended that he and defendant were legally married and that summary judgment was not proper. He stated that at the time of the December 7, 1997 ceremony, the parties met all of the requirements of a valid marriage in the state of Texas and that under Texas law, the parties executed a valid contract between themselves and the state of Texas. He further disputed defendant's statement that although the parties continued living together after his 2003 divorce, they did not hold themselves out to be married. Plaintiff maintained that they held themselves out to be married in California and Tennessee up until the filing of the divorce action.

In the hearing on the summary judgment, counsel for plaintiff specifically pointed to Tex. Fam. Code § 6.202 regarding the ratification of a void marriage. Following the hearing, the Trial Court concluded that under Tennessee law "the marriage was void *ab initio* as though it never had existed" and granted defendant's motion for summary judgment. A notice of appeal was filed and subsequently, a Tenn. R. Civ. P. 60.02 motion was filed to set aside the Trial Court's order granting summary judgment. This Court granted a motion for a stay, and remanded the matter back for the Trial Court to rule on the Rule 60.02 motion, which the Trial Court denied.

The issues raised on appeal are:

A.    Whether the Trial Court erred when it granted summary judgment in favor of the defendant upon a finding that under Tennessee law the parties' marriage was void *ab initio* due to bigamy?

B.    Did the Trial Judge demonstrate bias toward plaintiff/appellant to the extent that this Court should order that it be transferred to another trial judge upon remand?

C.    Whether the Trial Court abused its discretion when it denied plaintiff/appellant's Tenn. R. Civ. P. 60.02 motion for relief from judgment?

Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P.56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). We review a summary judgment motion *de novo* as a question of law without a presumption of correctness. *Finister v. Humboldt General Hosp., Inc.*, 970 S.W. 2d 435, 437 (Tenn. 1998). The evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party. *Byrd*, at 210-211. If both the facts and conclusions to be drawn from them

permit a reasonable person to reach only one conclusion, summary judgment is appropriate. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.. 1997).

The Trial Court granted summary judgment in favor of defendant upon a finding that the marriage was void *ab initio* due to bigamy under Tennessee law. Appellant does not dispute that the marriage was void at the outset and up until 2003 when plaintiff obtained a divorce from his first wife. However, he contends that the Trial Court erred when it did not recognize the validity of the marriage after the 2003 divorce under Texas law, California law or under a theory of marriage by estoppel under Tennessee law.

Under the laws of Tennessee, a bigamous marriage is void *ab initio* and is neither given recognition by the courts nor is such a marriage capable of ratification by the parties. *Falk v. Falk,* M2003-02134-COA-R3-CV, 2005 WL 127077 (Tenn. Ct. App. Jan. 21, 2005). Although Tennessee law regarding bigamous marriage supports the finding of the Trial Court, we conclude the Trial Court erred when it granted summary judgment based upon the voidness of the parties' marriage.

Tennessee courts have long held that although a common law marriage cannot be contracted within this State, our courts do recognize a common law marriage contracted in a state where such a marriage is valid. *Lightsey v. Lightsey*, 407 S.W.2d 684, 690 (Tenn. App. 1966)(citing *Troxel v. Jones*, 45 Tenn.App. 264, 322 S.W.2d 251; *Keith v. Pack*, 182 Tenn. 420, 187 S.W.2d 618, 159 A.L.R. 101; *Smith v. Mitchell*, 185 Tenn. 57, 202 S.W.2d 979). *See also Shelby County v. Williams*, 510 S.W.2d 73, 73 -74 (Tenn. 1974). Tennessee courts have also recognized as valid ceremonial marriages contracted in other states that would be void under Tennessee law. The Tennessee Supreme Court recognized as valid a Georgia ceremonial marriage that would have been void if contracted in Tennessee in *Keith v. Pack*, 182 Tenn. 420, 421-424, 187 S.W.2d 618, 618 - 619 (Tenn. 1945).

Under the holding of *Keith* , if the Lindsley ceremonial marriage contracted in Texas is valid under Texas law, Tennessee courts will recognize it as valid, even if the Lindsleys never lived in Texas as husband and wife. Further, under the line of cases represented by *Lightsey*, if the Lindsleys have contracted a valid common-law marriage in a state that recognizes such marriages, Tennessee Courts will likewise recognize their marriage as valid.

The plaintiff contends the Trial Court should have looked to both Texas law, and California law to determine if the marriage was valid in those states as the marriage was contracted in Texas and the couple lived together as husband and wife in California for ten years before moving to Tennessee. We agree. This Court recently decided a case that is factually similar where we determined that the Tennessee court should look to the law of the state where the marriage was celebrated as well as the law of the state where the parties lived

as husband and wife after the impediment to the marriage was removed. *Farnham v. Farnham,* No. E2008-02243-COA-R3-CV, 2009 WL 5125123 (Tenn.Ct. App. Dec. 29, 2009), *app.perm. to appeal den'd* May 12, 2010. Under the rationale of *Farnham*, we look to both Texas and California law to determine if the parties' marriage was valid under either or both of these states.

Texas law provides that a marriage entered into when one of the parties is already married is void. However, if the first marriage is later dissolved, the latter marriage may become valid under certain circumstances. Tex. Fam. Code Ann. § 6.202[1] provides as follows:

(a) A marriage is void if entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by the death of the other spouse.
(b) The later marriage that is void under this section becomes valid when the prior marriage is dissolved if, after the date of the dissolution, the parties have lived together as husband and wife and represented themselves to others as being married.

Texas courts have consistently interpreted Tex. Fam. Code Ann. § 6.202(a) to mean that a marriage is void if entered into when either party has an existing marriage. However, the later marriage becomes valid when the prior marriage is dissolved if, after the date of the dissolution, the parties have lived together as husband and wife and represented themselves to others as being married. *Omodele v. Adams,* No. 14-01-00999-CV, 2003 WL 133602 at * 3 (Tex. App.-Houston [14 Dist.], Jan. 16, 2003); *Garduno v. Garduno,* 760 S.W.2d 735, 741 (Tex. App.-Corpus Christi 1988). The Texas courts have also held that when a person continues to live with his or her spouse after the spouse's divorce in a previous marriage, a common-law marriage exists that may be the subject of divorce. *Omodele* at * 3 (citing *Potter v. Potter,* 342 S.W.2d 800, 801 (Tex. Civ. App.-Dallas 1961, 2003)).

The party seeking to establish the existence of a common law marriage after the impediment to the marriage has been removed bears the burden of proving that the parties continued to co-habitate as man and wife and held themselves out to others as married after the impediment was removed. *Garduno* at 741; *Rodriguez v. Avalos*, 567 S.W.2d 85, 86 (Tex. Civ. App. 1978). There is no requirement that the parties had to be living in Texas when the impediment was removed but they then lived together and held themselves out to others to be man and wife. *Durr v. Newman*, 537 S.W.2d 323, 326 (Tex. Civ. App. 1976).[2]

---

[1] Tex. Fam. Code Ann. § 2.22.

[2] Applying then Tex. Fam. Code Ann. § 2.22, now Tex. Fam. Code Ann. § 6.202

Under Tex. Fam. Code Ann. § 6.202 (a) the parties' 1997 marriage was void when they entered into it due to Mr. Lindsley's still existing first marriage. When the prior marriage was dissolved in 2003, the impediment to the marriage between the parties was removed and a valid common law marriage came into existence after the date of the dissolution as long as the parties lived together as husband and wife and represented themselves to others as being married. Tex. Fam. Code Ann. § 6.202(b). There is no question that the Lindsleys did not live together as husband and wife or hold themselves out to others as married in Texas, but a Texas domicile is not required for Section 6.202(b) to effect a common-law marriage once the impediment is removed. The Trial Court can look to the Lindsleys' behavior in California from 2003 until the time they moved to Tennessee and also to their behavior in Tennessee from 2007 until their separation on July 4, 2008 to determine whether they met the requirements of Section 6.202(b) to establish a common-law marriage. *See Durr v. Newman* at 326.

As there is a genuine issue of material fact as to whether the Lindsleys lived as husband and wife and held themselves out to others after plaintiff obtained a divorce form his first wife, it is necessary that this case be remanded to the Trial Court for such a determination.

Plaintiff also contends the marriage was valid under California law. Ca. Fam. Code Ann. § 2201 (a) provides that

(a) A subsequent marriage contracted by a person during the life of a former husband or wife of the person, with a person other than the former husband or wife, is illegal and void from the beginning, unless:

(1) The former marriage has been dissolved or adjudged a nullity before the date of the subsequent marriage.

(2) The former husband or wife (i) is absent, and not known to the person to be living

for the period of five successive years immediately preceding the subsequent marriage, or (ii) is generally reputed or believed by the person to be dead at the time the subsequent marriage was contracted.

The parties' marriage contracted in Texas in 1997 was void under California law. *See Estate of* Leslie, 689 P.2d 133, 135 (Ca. 1984). Further, during the time the Lindsley's lived in California, California law did not permit the contraction of common law marriages. However, Ca. Fam. Code §308 provides that "[a] marriage contracted outside this state that would be valid by the laws of the jurisdiction in which the marriage was contracted is valid in this state." Thus, although common law marriage has been abolished in California, *Elden*

*v. Sheldon* (1988) 46 Cal.3d 267, 275, 250 Cal.Rptr. 254, 758 P.2d 582, California recognizes the validity of a common law marriage contracted in another state which would be valid under the laws of that state. *People v. Badgett* (1995) 10 Cal.4th 330, 363, 41 Cal.Rptr.2d 635, 895 P.2d 877; *Colbert v. Colbert* (1946) 28 Cal.2d 276, 280, 169 P.2d 633. Accordingly, in the event the Trial Court concludes that the Lindsleys had a common law marriage under Tex. Fam. Code Ann. § 6.202, after the time the impediment to the marriage was removed, California would recognize the common law marriage, as Tennessee would.

The second issue appellant raises is whether the Trial Judge demonstrated such substantial and material bias and inability to identify and apply the appropriate legal principles, that appellant would have sufficient grounds for a recusal of the trial judge on remand. First, appellant never made a motion at the Trial Court for a recusal, thus there is nothing for appellant to appeal to this Court regarding this issue. Second, even if this Court were to consider the issue, the record does not support appellant's allegations of bias.

In *Curry v. Curry*, No. M2007-02446-COA-R3-CV, 2008 WL 4426895 (Tenn.Ct. App. Sep. 18, 2008) this Court was asked to consider a similar issue. The *Curry* Court held that the failure to raise the issue of bias and recusal below, was a basis not to consider the issue on appeal.

We observe that the record simply does not support the appellant's allegations the Trial Court was so biased against him that he could not obtain justice. He complains that the Trial Court did not hear certain motions timely, however even if true, the management of the docket is well within the discretion of the Trial Court. *Hodges v. Attorney General,* 43 S.W.3d 918, 921 (Tenn.Ct. App.2000). Finally, he argues the Judge should be recused based upon his disappointment with the Court's granting summary judgment. This is an issue for appeal, but is not a ground for recusal. *Vannucci v. Memphis Obstetrics and Gynecological Ass'n, P.C.,* No. W2005-00725-COA-R3-CV, 2006 WL 1896379 at * 8 (Tenn. Ct. App. July 11, 2006)(citing *Alley v. State,* 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994).

Finally, the appellant's issue as to the Rule 60 motion is now moot, based upon our ruling in this case.

In conclusion, we vacate the summary judgment entered by the Trial Court and remand for the determination of the disputed issue of material fact, i.e., whether the parties entered a common law marriage after the husband obtained a divorce from his first wife. Under the rationale of *Durr*, there is no requirement that the parties had to be living in Texas when the impediment was removed, and if they then lived together and held themselves out

to others to be man and wife, the common-law marriage would be valid under Texas law.

The cause is remanded for further proceedings consistent with this Opinion, and the cost of the appeal is assessed one-half to the plaintiff and one-half to the defendant.

_____
HERSCHEL PICKENS FRANKS, P.J.