Harold R. DURR, Appellant,

v.

Shelley Lawrence NEWMAN and the Estate of Victor William Newman, Deceased, Appellees.

No. 6505.

Court of Civil Appeals of Texas, El Paso.

May 12, 1976.

Rehearing Denied June 2, 1976.

Calhoun, Morton & Deason, Ronald R. Calhoun, El Paso, for appellant.

Peticolas, Luscombe, Stephens & Windle, Wayne Windle, Colbert N. Coldwell, El Paso, for appellees.

## OPINION

WARD, Justice.

The Appellee, Shelley Lawrence Newman, filed her application in the County

Court at Law No. 3 of El Paso County, Texas, to be appointed Administratrix of the Estate of Victor William Newman, Deceased. After a contested hearing before the Court sitting without a jury, judgment was entered which found that Shelley Lawrence Newman was the common-law wife of the decedent and her application was granted. Findings of fact and conclusions of law were neither requested nor found. Both proof of the existence of the informal marriage under Sec. 1.91(a)(2), and the subsequent validation of the informal marriage under Sec. 2.22 of the Texas Family Code are involved. Harold R. Durr had been the temporary administrator of the Estate and he appeals. We affirm.

Victor William Newman was married to one Kathy Newman, but in October, 1972, he started living with the Appellee, Shelley Lawrence Newman. At first, the Appellee did not know that Victor Newman was married, but she did learn this a month later. Mr. Newman's young son came to live with these people in February, 1973, and continued to live with them up until the death of Mr. Newman. From September of 1973 until his death, the three resided in a duplex on Pizarro Street in El Paso. After a business trip to Venezuela in September, 1974, and while in New York City, Victor William Newman and the Appellee agreed to be husband and wife. Thereafter, Shelley Lawrence Newman wore a wedding ring, took care of the child, performed the duties of a wife, and maintained the household in El Paso. In the first part of January, 1975, Mr. Newman left El Paso on a business trip to San Francisco and Las Vegas, Nevada. Appellee and the son joined him in Las Vegas on February 1st for a three-day visit. The Appellee and the son then returned to El Paso. During the visit, Appellee delivered to Mr. Newman his mail from El Paso and when the mail was opened the parties first learned that Mr. Newman had been divorced from Kathy Newman on January 17, 1975. On February 7th, Mr. Newman was killed in an airplane crash in Arizona while traveling from Las Vegas to New Orleans.

■ The following applies where findings of fact and conclusions of law were neither requested nor filed. The trial Court's judgment implies all necessary fact findings in support of the judgment. The judgment must be affirmed if there is sufficient evidence to support it on any lawful theory, and every fact issue sufficiently raised by the evidence must be resolved in support of the judgment. 4 McDonald, Texas Civil Practice, § 16.10(d) at 30.

■ The Appellant's one point is divided into three parts under which he first argues that there was insufficient evidence produced to show that after January 17, 1975, that the decedent and Appellee lived together as husband and wife and represented themselves to others as being married. This attack is upon the two implied findings made by the trial Court as required by the second sentence of Sec. 2.22 of the Texas Family Code. In passing upon this challenge, all of the evidence and reasonable inferences arising therefrom have to be considered. After the January 17th divorce, the parties were together for only the three days in Las Vegas. During this visit the parties stayed with two unmarried couples. No agreement was ever made after the date of the divorce to become husband and wife, and during this period of time Appellee maintained a checking account and a safety deposit box under the name of Shelley Lawrence. It was also shown that the decedent had stated during the latter part of 1974 that he didn't think he would ever be married again and didn't want to get married again. On the other hand, the Appellee considered herself as his wife, took the decedent's son with her on the visit and carried his business mail to Mr. Newman. She had relations with him in Las Vegas, was introduced one time in that city as his wife, and the decedent made the return flight reservations by credit card for her as Mrs. Newman. After the return to El Paso, the Appellee continued her duties as stepmother to the boy, and the boy returned to his school where the Appellee had always been known as the boy's stepmother. The evidence is sufficient to support the two implied findings.

**326**

■ Contrary to the Appellant's position, no new agreement presently to be husband and wife was necessary. After the prior marriage was dissolved, inferred or tacit agreement to become husband and wife is now imposed by Sec. 2.22 if the parties live together as husband and wife and represent themselves to others as being married. The short three-day period of time that the parties were together is not controlling, *Howard v. Howard,* 459 S.W.2d 901 (Tex.Civ.App.—Houston (1st Dist.) 1970, no writ).

■ Sec. 1.91(a)(2) of the Family Code provides that a marriage may be proved by evidence that they agreed to be married and after the agreement they lived together as husband and wife in this state and there represented to others that they were married. The Appellant next argues that these requirements of their living together within the state and there representing their marriage to others should be read into the validation provisions of Sec. 2.22 and require the living together and the representation to be performed within this state. The argument is overruled as Sec. 2.22 does not require these acts to be performed in Texas.

■ The final argument of the Appellant is based on the rule that generally the validity of a marriage is determined by the law of the place where it was contracted or celebrated, Speers, Marital Rights in Texas, 4th Ed., § 35 at 39, and the State of Nevada does not recognize a common-law marriage. The Appellant called the trial Court's attention to the Nevada law by a written brief which he filed. This is not of record, but is so stated by the Appellant. However, in the absence of findings of fact and conclusions of law, and on the record presented, this Court is required to affirm the judgment of the trial Court on the basis that it is presumed that it found the Nevada law to be the same as the Texas law. It was required to so find in the absence of a proper notice and motion as called for by Rule 184a. The point and the sub-points thereunder are all overruled.

■ Appellant urges a remand in order that the Nevada law may be properly presented. This cannot be done since Rule 434 prohibits reversal for harmless error, and discretion to remand exists only after it has been determined that error exists that requires reversal. "Remand is only upon reversal; reversal is only for error." Appellate Procedure in Texas, § 18.2.

The judgment of the trial Court is affirmed.

PRESLAR, C. J., not sitting.