Enedina RODRIGUEZ, Appellant,

v.

Margarita Lopez AVALOS, Appellee.

No. 6682.

Court of Civil Appeals of Texas,
El Paso.

May 31, 1978.

Colbert Coldwell, El Paso, for appellant.

El Paso Legal Assistance Society, Israel Galindo, Phillip Prosen, El Paso, for appellee.

## OPINION

WARD, Justice.

This controversy is over which of two claimants was the widow of Enrique Avalos. Margarita Lopez Avalos filed this declaratory judgment proceeding to establish the alleged validity of her prior common law marriage over the purported validity of a later ceremonial marriage, which took place between Enrique and Enedina Rodriguez. The trial Court, sitting without a jury, upheld the validity of the prior common law marriage. Findings of fact and conclusions of law were requested and filed. Enedina, participant in the later ceremonial marriage, appeals, relying in the main on the presumption set out in Sec. 2.01, Tex. Family Code Ann. We affirm.

Enrique Avalos and Epifania Madrid were married in 1918, and this marriage apparently continued until the death of Epifania in June, 1965. Enrique Avalos and the Plaintiff, Margarita Lopez, began cohabiting about December of 1946, and from this union three children were born, Enrique Avalos, Jr. in 1947, Ernestina Avalos in 1949, and Eduardo Avalos in 1952. When this relationship commenced, Margarita was married to one Antonio Gonzalez. She divorced Antonio Gonzalez in El Paso in July, 1947. Thereafter, it was undisputed that Enrique Avalos and Margarita continued to live together until the death of Epifania in 1965. According to the testimony of Margarita and as found by the trial Court, Margarita and Enrique thereafter continued to cohabit until the death of Enrique Avalos in January, 1977.

According to the testimony of the Defendant, Enedina Rodriguez, and also according to the finding of the trial Court, Enrique Avalos cohabited with Enedina after 1965 until his death in 1977. Enedina had two children by Enrique Avalos, one born in 1969, and one in 1972, the latter being the only surviving child of that union. Enedina also testified that she was married to another man when she started to live with Enrique Avalos, but received a divorce from the other man in 1975. On June 23, 1976, Enrique Avalos and Enedina Rodriguez entered into a ceremonial marriage in El Paso, the record thereof being on file with the County Clerk of El Paso County.

The Court concluded that Enrique Avalos and Epifania Avalos were husband and wife until the marriage was dissolved by the death of Epifania Avalos on June 16, 1965; that Margarita Lopez Avalos and Enrique Avalos then had a common law marriage until said marriage was dissolved by the death of Enrique on January 22, 1977; and that Margarita is the lawful widow of Enrique and entitled to the benefits incident to that status.

In effect, the trial Court ruled that Margarita discharged the burden imposed upon her by Sec. 2.01 of the Family Code, which burden came into effect when Enedina es-

tablished her ceremonial marriage of 1976. The Defendant's sole point is that, as a matter of law, her ceremonial marriage to Enrique was valid and that the presumption provided for in Sec. 2.01 was not rebutted.

Before the point itself is reached, the validity of the common law marriage between the Plaintiff and Enrique will be examined. Sec. 1.91(a)(2), Tex.Family Code Ann., calls for the three necessary essentials that must be found to establish a common law marriage, and paragraph (b) of that Section provides that the existence of the agreement of the parties to marry may be inferred if the other two requirements of cohabitation and holding out to the public exist. The Section merely codified the liberal rule previously established in this State. *Consolidated Underwriters v. Kelly*, 15 S.W.2d 229 (Tex.Comm.App.1929); *Humphreys v. Humphreys*, 364 S.W.2d 177 (Tex. 1963). In this case, the impediment of Enrique's first marriage existed for the first nineteen years of the relation between Enrique and the Plaintiff, but ceased in 1965 when Enrique's first wife died. Sec. 2.22 of the Family Code provides that upon the passing of the impediment their marriage became valid if, after that time, they lived together as husband and wife and represented themselves to others as being married. This Section applies to an informal common law marriage such as existed between the Plaintiff and Enrique. *Durr v. Newman*, 537 S.W.2d 323 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). The evidence was undisputed that they cohabited and publicly held themselves out as man and wife from 1965 until at least 1973 or 1974. Margarita and her son so testified. In addition, some twenty-two exhibits were introduced which covered that period of time after 1965. These included a contract of sale covering the purchase of their home on Glenwood Drive, applications for credit, a financial statement, a credit insurance policy, a burial insurance policy, various promissory notes, security agreements, and income tax returns, all of the instruments being in the name of Enrique and Margarita Avalos as husband and wife. The evi-

dence was legally sufficient to support their common law marriage after 1965.

The Defendant, Enedina, testified that Enrique started living with her in 1965; that she was told by him that he had lived with the Plaintiff, had children by her, provided for her, but that he had never been married to the Plaintiff. Enedina stated that he rented various houses in El Paso for them to live in, the final one being on San Marcial Street. However, she stated she was married during the period of time to another man and was not divorced from him until 1975. She had the two children by Enrique before then, but on June 23, 1976, she was married to Enrique by a Judge in El Paso. At that time, Enrique was seventy-five years old. Her exhibits included her marriage license, a certification of that marriage and its record. She also produced two affidavits for support, dated in 1975 and 1976, which were executed by Enrique whereby he described her as his wife and which were made for the purpose of securing a visa for her permanent residence in the United States as an alien. The approval granted to her as a resident alien and a birth certificate of her last child were also introduced. In addition, Enrique's son, Enrique Avalos, Jr., lived with the Defendant and his father in the Defendant's home for about a year prior to his father's death. The son stated that during that period of time Enrique would stay at the Plaintiff's house part of the time and at the Defendant's house part of the time, but that he thought his mother, the Plaintiff, was his father's real wife.

■ The last sentence of Sec. 2.01 of the Family Code provides that when two or more marriages of a person to different spouses are alleged, the most recent marriage is presumed to be valid as against each marriage that precedes until one who asserts the validity of a prior marriage proves its validity. This last Section codified existing law with respect to successive marriages, which was to the effect that the most recent marriage would be presumed valid until a person proves the validity of the prior marriage. *Texas Employers' Insurance Ass'n v. Elder*, 155 Tex. 27, 282 S.W.2d 371 (1955). The Defendant's position is that her ceremonial marriage and the strength of the statutory presumption should control the disposition of this case. We overrule the contention. The only residence of all of the parties after 1965 was in El Paso. The Plaintiff, while admitting that after 1974 Enrique only lived with her about a third of the time and that she was aware of some sort of relation then existing with the Defendant, testified that neither she nor Enrique were ever divorced from each other, and that she never received any papers filed by Enrique questioning her marriage to him. Among her exhibits was a certificate from the office of the District Clerk of El Paso County certifying that for the period of time from 1946 to 1977, there was no divorce ever filed between Margarita and Enrique Avalos. We believe that the Plaintiff adequately demonstrated the continuing existence of her marriage by showing that her husband had not been divorced in the place where he always lived. She had only to look there as it was the only place where such a proceeding might reasonably be expected to be filed under the law. *Caruso v. Lucius*, 448 S.W.2d 711 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.). That quantum of proof was decided as sufficient to rebut the presumption of the validity of the subsequent marriage in *Davis v. Davis*, 521 S.W.2d 603 (Tex.1975). The Defendant's point is overruled.

■ If the point is considered as one attacking the factual sufficiency of the evidence to support the trial Court's finding, then after considering all of the evidence in the case, the point is overruled. The judgment of the trial Court is affirmed.