Marianne **BRADDOCK** et al., Appellants,

v.

Janice L. **TAYLOR**, Appellee.

No. 8345.

Court of Civil Appeals of Texas, Beaumont.

Nov. 15, 1979.

Rehearing Denied Dec. 6, 1979.

James W. Shoff, II and Robert C. Cowan, San Antonio, for appellants.

Levey & Goldstein, San Antonio, for appellee.

DIES, Chief Justice.

This is a suit on bill of review, to set aside a default judgment in a judgment declaring heirship. The bill of review was brought by Janice L. Taylor, as plaintiff, against Marianne Braddock and Dawn Elizabeth Taylor, a minor whose guardian is Dana L. Taylor.

Trial was to the court without a jury which granted the bill of review, set aside the default judgment, and declared that Janice L. Taylor was David E. Taylor's wife at the time of the latter's death, from which defendants below, Marianne Braddock, Dawn Elizabeth Taylor, and guardian Dana L. Taylor perfect this appeal.

Appellants first contend the trial court erred in granting the bill of review and setting aside the default judgment because appellee's failure to answer appellants' heirship suit on time was due to the

fault of her attorney, citing *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950), and *Brothers Department Store, Inc. v. Berenzweig*, 333 S.W.2d 445 (Tex.Civ. App.—San Antonio 1960, writ ref'd n. r. e.), and others.

Appellee contends she took the citation to her attorney, who had ten days to answer. On answer day, November 7, 1977, her attorney was ill and called his office, had one secretary send the other secretary to file the answer at the Bexar County Courthouse. The secretary messenger left in time—at 9:30 A.M.—but didn't actually file the answer until 10:06 A.M., six minutes late.

The cases cited by appellants do not, we believe, control this situation. *Tex.Prob. Code Ann. § 31* (Vernon 1956) provides:

"Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein . . . and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment. . . ."

In *Hamilton v. Jones*, 521 S.W.2d 350, 353 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.), the court stated:

"The ordinary rules as to diligence in making motions for new trials and appealing from the judgment complained of do not apply in a bill of review under Article 31 of the Probate Code."

We believe the court was correct in setting aside the default judgment, and overrule appellants' points directed to his action.

Appellants next contend the court erred in holding that appellee was the common-law wife of the deceased.

The facts are these: Appellee and deceased began living together and holding themselves out as husband and wife in Texas. Texas, of course, recognizes common-law marriages. At that time deceased was already married. Appellee and deceased then moved to California and continued their relationship. Deceased obtained a divorce from his wife and subsequently died in the State of California.

■ Appellee insists that she qualified as the deceased's common-law wife under *Tex. Fam.Code Ann. § 2.22* (Vernon 1975), which provides:

"A marriage is void if either party was previously married and the prior marriage is not dissolved. However, the marriage becomes valid when the prior marriage is dissolved if since that time the parties have lived together as husband and wife and represented themselves to others as being married."

This provision does apply to common-law marriage. *Rodriguez v. Avalos*, 567 S.W.2d 85 (Tex.Civ.App.—El Paso 1978, no writ).

■ The law of another state is usually presumed to be the same as Texas law. See 1 E. Oakes, *Speer's Marital Rights in Texas* § 50 (4th ed. 1961); see also, *Durr v. Newman*, 537 S.W.2d 323, 326 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). However, when a proper motion is filed in accordance with *Tex.R.Civ.P. 184a* the court shall take judicial notice of the laws of another state.

■ Here the appellants complied with the rule. Therefore, the court should have taken notice that California does not recognize common-law marriages. See *Schwartz v. Vecchiotti*, 529 S.W.2d 603 (Tex.Civ.App. —Houston [1st Dist.] 1975, writ ref'd n. r. e.).

■ The validity of a marriage is determined by the law of the place where it was celebrated. *Nevarez v. Bailon*, 287 S.W.2d 521 (Tex.Civ.App.—El Paso 1956, writ ref'd); *Reed v. Reed*, 226 N.W.2d 795 (Iowa Sup.Ct.1975). Since no marriage between the deceased and appellee was ever contracted or celebrated in California, nor contracted in Texas after the impediment was removed, that part of the judgment below finding that Janice L. Taylor is the wife and heir of the decedent David E. Taylor is reversed and judgment now rendered that his sole heir is Dawn Elizabeth Taylor.

REVERSED and RENDERED.