**Marie G. JONES, C.P.A., Appellant,**

v.

**Jose MENDEZ, C.P.A., Appellee.**

**No. A2186.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1979.

Rehearing Denied Dec. 12, 1979.

F. Clinton Gambill, II, Allen B. Daniels, Houston, for appellant.

T. D. Sullivan, Coppock & Teltschik, Houston, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Jose Mendez (appellee) sued Marie G. Jones (appellant) to recover under a contract of sale. The case was tried to the court and judgment was rendered for appellee.

In 1970 the parties to this suit entered into an accounting partnership pursuant to a written partnership agreement. This partnership was dissolved in 1973 by way of a partnership dissolution agreement. The parties also executed a contract of sale in regards to certain accounts of the partnership. Under this contract, Jones agreed to pay Mendez a certain percentage of all collections on these accounts from January 1, 1974 until December 31, 1976. After the billings through July 31, 1974, appellant refused to pay appellee any money because of alleged modifications of the contract. Appellee thereafter filed suit on the contract.

Appellant urges in her first point of error that under the terms of the contract as allegedly modified, she was not required to continue making payments. Paragraph three of the contract states:

Buyer agrees that in the event Seller returns to the Houston area prior to May 31, 1974, any or all of the accounts listed in Schedule "A" will be considered accounts of the Seller, and their files turned over to him. Seller will at that time refund to Buyer all monies paid to him for these accounts. In the event any account or accounts prefer to remain with Buyer, no refund on these accounts is to

be made by Seller to Buyer, and no further payments as referred to in paragraph 2 will be required by Buyer.

Appellant testified that the date in this paragraph was extended by mutual agreement to August 15, 1974. Jones also offered into evidence a letter from her to Mendez, which she claimed to be evidence of the extension of the date. She testified that Mendez returned to Houston before August 15, 1974 and contacted several of his former clients about regaining their business. Thus appellant contends that she did not have to pay Mendez any more on those accounts which elected to remain with appellant.

However, the letter was merely an *offer* to extend the agreement and not a confirmation of the modification. The letter stated: "In accordance with Paragraph three of our contract of sale, I am willing to extend the date of your return to Houston to August 15, 1974. . . ." Furthermore, appellee testified that he never agreed to such an extension. Since this is a non-jury case, we cannot reverse if there is evidence of probative force to support the judgment. *Durr v. Newman*, 537 S.W.2d 323 (Tex.Civ.App.-El Paso 1976, writ ref'd n.r.e.). Appellant's first point of error is overruled.

Appellant also contends that there was no evidence or alternatively, that there was insufficient evidence regarding the damages to support the court's judgment. The basis of appellant's complaint is that plaintiff's exhibit number four was hearsay and thus could not support the judgment. This exhibit was a summary of appellant's answers to interrogatories, prepared by appellee's counsel. The summary contained the amounts of money collected from the accounts in the contract of sale and the amount remitted to appellee. Appellant testified that the figures in the summary were accurate and correct. A summary of voluminous records may, in the discretion of the trial court, be admitted into evidence to expedite the trial and aid the trier of fact. *Texas Warehouse Co. of Dallas, Inc. v. Spring Mills, Inc.*, 511 S.W.2d 735 (Tex.Civ. App.-Waco 1974, writ ref'd n.r.e.). All of the tests for admissibility of summaries were met: the underlying records were voluminous, admissible, and made accessible to the opposing party. *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80 (Tex.Sup.1976). Indeed, her answers to the interrogatories were based on records and books in her possession. There can be no hearsay objection when the party admits to the accuracy of the exhibit. *See Kulms v. Jenkins*, 557 S.W.2d 149 (Tex.Civ. App.-Amarillo 1977, writ ref'd n.r.e.). The summary was properly admitted and is sufficient probative evidence to support the judgment awarding damages to appellee.

Judgment of the trial court is affirmed.

Affirmed.