709 F.2d 247
 2 Soc.Sec.Rep.Ser. 167
 WHITE, Blanche
v.
SCHWEIKER, Richard, Secretary Department of Health and Human
Services of the United States.
Appeal of SECRETARY OF HEALTH AND HUMAN SERVICES.
 No. 82-1604.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6)
 May 31, 1983.
Decided June 16, 1983.
 
 Leonidas A. Allen, Philadelphia, Pa., for appellee.
 Peter F. Vaira, Jr., U.S. Atty., Rachel Shao, Asst. U.S. Atty., E.D.Pa., Diane C. Moskal, Regional Atty., Gary S. Turetsky, Asst. Regional Atty., Philadelphia, Pa., for appellant.
 Before GIBBONS and BECKER, Circuit Judges, and WEBER,* District Judge.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge:
 
 
 1
 The Secretary of Health and Human Services appeals from the district court's grant of summary judgment and order awarding widow's insurance benefits to the plaintiff, Blanche White. Although the equities in this case are compelling, Dwyer v. Califano, 636 F.2d 908 (3d Cir.1980), requires that we reverse.
 
 I.
 
 2
 On October 18, 1947 Blanche White married Edward J. White in Philadelphia, Pennsylvania. They lived together for over thirty-one years until he died on November 2, 1978. On November 22, 1978 Blanche White applied and later received widow's insurance benefits as provided for by Congress in the Social Security Act, 42 U.S.C. Secs. 402(e)(1), 416(c) and 416(h)(1)(B) (1976 & Supp. V 1981).
 
 
 3
 On April 9, 1979 Blanche received notice that her benefits were terminated. Eleanor White, who had married Edward on January 19, 1941, was to receive the widow's benefits despite the fact that she and Edward had separated six months after their wedding. Blanche was not aware of the prior marriage.
 
 
 4
 On August 29, 1980, an administrative law judge held that Eleanor White was the legally entitled widow, that Blanche and Edward were never legally married, and that Blanche was not entitled to widow's insurance benefits. The Appeal Council denied review.
 
 
 5
 On cross-motions for summary judgment in the Eastern District of Pennsylvania, the court held that Blanche was "entitled to receive the amount equal to the difference between the full widow's benefits and the amount received by Eleanor on Edward's account." App. 60. Eleanor was already entitled to benefits from her own salary deduction over an extensive working period. Normally, these benefits would cease and be replaced by the widow benefits. 42 U.S.C. Sec. 402(k)(3)(A) & (q) (1976).[1] However, the district court essentially transferred these payments to Blanche and gave Eleanor "the amount to which she is entitled under 402(k)(3)(A), which reduces the amount received as a widow dollar-for-dollar by one's old age benefits." App. 58. The Secretary then moved to alter or amend the judgment. On August 2, 1982 the court affirmed the previous order. App. 69.[2] The Secretary now appeals.
 
 II.
 
 6
 In Dwyer v. Califano, 636 F.2d 908 (3d Cir.1980), this court addressed the question posed by this case: whether 42 U.S.C. Sec. 416(h)(1)(B) permits the deceased's second wife to receive benefits as a "deemed widow" when a legal widow had made application for the same benefits. We held that, notwithstanding the fact that the legal widow had no contact with the decedent for nearly fifty years, the deemed widow was not entitled to the difference between the full widow's benefits and the amount by which the legal widow's social security payments were increased by virtue of her certification as a legal widow. We explicitly declined to follow the case relied upon by the district court here, Rosenberg v. Richardson, 538 F.2d 487 (2d Cir.1976), which awarded the total benefits amount to both the first and second wives. 636 F.2d at 911. We said that the purpose of the deemed widow provision was to assure that the deemed widow would receive benefits where no legal widow claimed them, not to transfer the legal widow's discontinued payments to the deemed widow. Id. at 912, 909 n. 1.
 
 
 7
 Blanche White attempts to bring her case outside of this clearly controlling precedent by arguing that Eleanor does not meet the statutory definition of a widow under 42 U.S.C. Sec. 416(c)(5) (1976 & Supp. V 1981). The statute defines widow as, among other things, an individual who "was married to him [the wage earner] for a period of not less than nine months prior to the day which he died." 42 U.S.C. Sec. 416(c)(5) (emphasis added). Blanche would have us read out the italicized portion of the statute, creating a requirement that a couple be married for nine months in order for the wife to be called a widow. Even if we accepted this position, which ignores the clear language of the statute, plaintiff would not be helped. Eleanor was married to Edward not for six months but for thirty-seven years. The argument is thus one requesting that this court change the definition of legal widow, within which Eleanor clearly falls.
 
 
 8
 The plaintiff also urges this court to affirm because denying benefits to Blanche is unfair. We recognize, as we did in Dwyer, 636 F.2d at 912-13, that the result is harsh. However, "[i]t is for Congress, not this court, to order such a transfer of payments to a person such as plaintiff solely because she is deserving...." Id. at 912. The court sent copies of the Dwyer decision to Congress so that it might consider amending section 216(h)(1)(B), 42 U.S.C. Sec. 416(h)(1)(B) (1976). 636 F.2d at 912 n. 7. As yet Congress has not done so, and we are bound by our decision in Dwyer.
 
 
 9
 The judgment appealed from will be reversed.
 
 
 
 *
 Hon. Gerald J. Weber, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 If an individual is entitled to an old-age or disability insurance benefit for any month and to any other monthly insurance benefit for such month, such other insurance benefit for such money, after any reduction under subsection (q), subsection (e)(2) or (f)(3) of this section, and any reduction under section 403(a) of this title, shall be reduced, but not below zero, by an amount equal to such old-age or disability insurance benefit (after reduction under such subsection (q) of this section)
 
 
 [2]
 Neither decision is officially reported