**Bobbie R. SCOTT, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 87–2080.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1988.

Decided April 29, 1988.

Sandra Wallace, HHS, Kansas City, Mo., for defendant-appellee.

Before FAGG, Circuit Judge, WRIGHT, Senior Circuit Judge * and BOWMAN, Circuit Judge.

EUGENE A. WRIGHT, Senior Circuit Judge.

The Social Security Administration recognizes both legal and "deemed" spouses, widows, and widowers. We have been asked: Does a legal widow's entitlement to disabled widow's benefits divest a deemed widow of her prior entitlement to mother's benefits? We answer: Yes. Affirmed.

BACKGROUND

Appellant Bobbie Scott and Theodore Scott went through a marriage ceremony in March 1963. They had a daughter in February 1977, and lived together until Theodore's death in March 1981. In April 1981 Bobbie filed an application for Mother's Insurance Benefits, and for Child's Benefits for her daughter. Her application was granted.

In January 1985 Virginia Scott applied for Widow's Insurance Benefits based on the record of Theodore Scott. She proved that she and Theodore were married in September 1951. A search of court records revealed that Virginia and Theodore had never divorced. Under applicable law, Virginia was the legal widow of Theodore Scott.

In March 1985 the Social Security Administration (SSA) notified Bobbie that because Virginia was Theodore's legal widow, Bobbie's benefits based on his record would be terminated. In April 1985 that action became final.

In July 1985 the SSA informed Bobbie that because she married Theodore Scott in good faith, believing that he was free to marry, she qualified as a "deemed" widow. The benefits she had received through March 1985 were protected.

Mark D. Hirschfeld, St. Louis, Mo., for plaintiff-appellant.

* The Honorable Eugene A. Wright, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

The SSA informed her further that the entitlement of a deemed widow ends with the month before the month in which another person is certified for payment as a legal widow. SSA had determined that Virginia Scott was the legal widow of Theodore Scott in April 1985. Bobbie's benefits were terminated that same month.

Bobbie appealed. The SSA prevailed on review in federal district court.[1] Jurisdiction of this court lies under 28 U.S.C. § 1291.

ANALYSIS

The facts are not in dispute. Bobbie argues only that the SSA has misconstrued the controlling statute, 42 U.S.C. § 416(h)(1)(B). The first sentence of that subparagraph protects persons who unknowingly enter, and remain in, an invalid marriage:

> In any case where under subparagraph (A) [*i.e.,* under State law] an applicant is not (and is not [under State law] deemed to be) the ... widow ... of a fully or currently insured individual, or where under subsection ... (c) ... of this section such applicant is not the ... widow ... of such individual, but it is established to the satisfaction of the Secretary that such *applicant in good faith went through a marriage ceremony with such individual resulting in a purported marriage between them which, but for a legal impediment not known to the applicant at the time of such ceremony, would have been a valid marriage, and such applicant and the insured individual were living in the same household at the time of the death of such insured individual* or (if such insured individual is living) at the time such applicant files the application, then, *for purposes of subparagraph (A) and subsection[ ] ... (c) ... of this section,* such purported marriage shall be deemed to be a valid marriage.

Emphasis added. The next sentence of the subparagraph limits such "deemed" spouses' and survivors' protections:

The provisions of the preceding sentence shall not apply *(i) if another person is or has been entitled to a benefit under subsection (b), (c), (e)* [*i.e.,* Widow's insurance], *(f), or (g)* of section 402 of this title on the basis of the wages and self-employment income of such insured individual and such other person is (or is deemed [under State law] to be) a ... widow ... of such insured individual under subparagraph (A) at the time such applicant files the application.... *The entitlement to a monthly benefit under subsection (b), (c), (e)(f), or (g)* [*i.e.,* Mother's insurance] *of section 402 of this title, based on the wages and self-employment income of such insured individual, of a person who would not be deemed to be a ... widow ... of such insured individual but for this subparagraph, shall end with the month before the month (i) in which the Secretary certifies, pursuant to section 405(i) of this title, that another person is entitled to a benefit under subsection (b), (c), (e), (f), or (g) of section 402 of this title on the basis of the wages and self-employment income of such insured individual, if such person is (or is deemed [under state law] to be) the ... widow ... of such insured individual under subparagraph (A).....*

Emphasis added. The Secretary has codified his interpretation of that statutory text:

> 20 C.F.R. § 404.341. *When mother's and father's benefits begin and end.*
>
> (b) Your entitlement to benefits ends with the month before the month in which one of the following events first occurs:
>
> > (4) If you are entitled to benefits based upon a deemed valid marriage, another person becomes entitled to benefits as the widow or widower as described in § 404.346(d). (sic) [citation should be § 404.346(b), below]

---

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Mis- souri, presiding.

20 C.F.R. § 404.346. *Your relationship as wife, husband, widow or widower based upon a deemed valid marriage.* (b) Entitlement based upon a deemed valid marriage. ... [I]f after your entitlement, we find that another person is the wife, husband, widow, or widower of the insured under State law as explained in § 404.345, your entitlement will end with the month before the month in which this determination is made.

The SSA applied those provisions in terminating Bobbie's benefits. To prevail in this appeal, Bobbie must demonstrate that the SSA's interpretation of section 216(h)(1)(B) is impermissible.

*Standard of Review*

"An agency's construction of a statute under its enforcement jurisdiction is generally accorded deference if the construction 'has a reasonable basis in law and is consistent with the congressional policy behind the statute.'" *Gorrie v. Bowen,* 809 F.2d 508, 516 (8th Cir.1987) (quoting *Int'l Nutrition, Inc. v. United States DHMS,* 676 F.2d 338, 342 (8th Cir.1982)). "Moreover, the agency's construction need not be the only reasonable one in order to gain judicial approval." *Connecticut Dept. of Income Maint. v. Heckler,* 471 U.S. 524, 532, 105 S.Ct. 2210, 2215, 85 L.Ed.2d 577 (1985). A court need only conclude that the agency's construction "is a reasonable interpretation of the relevant provisions." *American Paper Institute, Inc. v. American Electric Power Service Corp.,* 461 U.S. 402, 423, 103 S.Ct. 1921, 1933, 76 L.Ed.2d 22 (1985).

DISCUSSION

Bobbie claims Mother's Insurance benefits under section 402(g); Virginia, Widow's Insurance benefits under section 402(e). Bobbie argues that the word *or* is ambiguous in the sentence: "The entitlement to a monthly benefit under subsection (b), (c), (e), (f), *or* (g) ... shall end ...

[when] the Secretary certifies ... that another person is entitled to a benefit under subsection (b), (c), (e), (f), *or* (g)...." 42 U.S.C. § 416(h)(1)(B). She insists that the statute really means that an entitlement based on a deemed valid marriage ceases only when a legal spouse, widow or widower, is entitled to the *same subsection* benefit, or when payment of the legal claimant's benefits *fully exhausts* the insured's account.

We disagree. The statute is not ambiguous.[2] The plain language is clearly and simply disjunctive: if another person is entitled to *"a"* benefit under § 402(b), (c), (e), (f), *or* (g) the deemed widow's entitlement to *"a"* benefit under (b), (c), (f), *or* (g) "shall end."

The SSA's regulations provide for precisely that result. Its interpretation has a reasonable basis in law.

Moreover, its interpretation is consistent with the Congressional policy behind the statute. The Social Security Act originally made no provision for payment of benefits to meretricious spouses, even if the legal spouse had predeceased the record wage earner. "Deemed" spouses were first provided for in 1960. The legislative history of the very amendment that created "deemed" spouse protections provided:

An applicant who went through a marriage ceremony with an insured individual *will not be deemed* to be the wife, husband, widow, or widower of that individual if another person is or has been entitled to wife's, husband's, mother's, widow's, or widower's benefits based on the insured individual's earning and the other person has the status of wife, husband, widow or widower of the insured individual at the time the application for benefits is filed.... The *benefits* of a person who has been deemed to be a wife, husband, widow, or widower under the provisions of the new subparagraph

2. Virtually every court to consider the question has reached the same conclusion. *See Garcia v. Secretary of HHS,* 760 F.2d 4 (1st Cir.1985); *Dwyer v. Califano,* 636 F.2d 908 (3d Cir.1980) and *White v. Schweiker,* 709 F.2d 247 (3d Cir.1983); *Davis v. Califano,* 603 F.2d 618 (7th Cir.1979); *Martin v. Harris,* 653 F.2d 428, 433 (10th Cir.1981) (the language "is straight-forward and plain"), *cert. denied,* 454 U.S. 1165, 102 S.Ct. 1039, 71 L.Ed.2d 321 (1982); *Ray v. Bowen,* 812 F.2d 675, 678 (11th Cir.1987) (the language "leaves no room for question, doubt or ambiguity"); *but see Rosenberg v. Richardson,* 538 F.2d 487 (2d Cir.1976). *Cf. Woodson v. Schweiker,* 656 F.2d 1169, 1171–72 (5th Cir.1981).

*will end* if (and with the payment for the month before the month in which) the Secretary certifies that benefits are payable to a person who was validly married to the insured individual.

S.Rep. No. 1856, Aug. 19, 1960, *reprinted in* U.S.Code Cong. & Admin.News 3608, 3684 (emphasis added).

 The SSA construes Congressional policy to be: the agency should pay *some* spouse of the wage earner; but the legal spouse is always to be preferred, and only one spouse can be entitled to benefits at any given time. That interpretation is consistent with the statutory text and its legislative history.

We defer to that construction. *See Gorrie.* We reject Bobbie's argument that her benefits should not be terminated. We reject also her proposal that her benefits should only be reduced. Virginia, a legal widow, is entitled to a benefit under 42 U.S.C. § 402(g). Bobbie's "deemed widow" entitlement to section 402(e) benefits has therefore ended. *See* 42 U.S.C. § 416(h)(1)(B), 20 C.F.R. § 404.341.

CONCLUSION

The SSA's interpretation is both reasonable and consistent with Congressional policy. The court below based its disposition on unchallenged findings of fact and a reasonable construction of the applicable statute. The decision below is

AFFIRMED.