Alice ACUNA SSN: 455–38–2868, Plaintiff,

v.

Louis W. SULLIVAN, M.D. Secretary of Health and Human Services, Defendant.

Civ. No. LR–C–89–1021.

United States District Court, E.D. Arkansas, W.D.

March 4, 1991.

Alan J. Nussbaum, Nussbaum Law Firm, Little Rock, Ark., for plaintiff.

Charles Banks, U.S. Atty. by Jana K. Brown, Asst. U.S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Plaintiff brings this action pursuant to section 205(g) of the Social Security Act, 42

U.S.C. § 405(g) for review of a final decision of the Secretary of Health and Human Services denying her claim for wife's benefits under sections 202(b)(1) and 216(b)(1) of Title II of the Act, 42 U.S.C. §§ 402(b)(1) and 416(b)(1). Both parties have moved for summary judgment.

The facts are not in dispute. Plaintiff filed an application for wife's insurance benefits on September 24, 1987, on the record of Pete Acuna (or wage earner), who became entitled to disability insurance benefits as of June, 1982, due to Parkinson's disease.[1]

Plaintiff was married to "Joe" Acuna on February 17, 1968, in Benton, Arkansas. They had two children, Delores, born in 1967, and Becky Jo, born in October, 1970. At the hearing, plaintiff stated that she and the wage earner separated in 1974, and that she has had no contact with him since that time. Plaintiff further stated that she and the wage earner never divorced, and that the wage earner never informed her that he was legally married to anyone else before his marriage to plaintiff.

"Pete" Acuna filed an application for disability benefits on July 21, 1983. On his application, he reported a marriage to Andy Savala on July 1, 1948, and that he had no minor children. The wage earner also reported that he had been separated from Savala since about 1959. Pete Acuna was residing in Texas, at the time of his application for disability benefits.

The record contains a marriage certificate of "Pedro" Acuna and Andy Savala, showing that they were married in Houston, Texas, on July 1, 1948. Birth records indicate that Pete Acuna and Andy Savala Acuna had two children, Carmen, born in May, 1949, and Rose, born in July, 1950.

The Social Security Administration contacted the wage earner, who subsequently submitted a statement which says in relevant part that he had never obtained a divorce from his wife Andy Savala, that he

married plaintiff in Houston, but that he thinks Alice got a divorce from him because he signed some papers she mailed to him. He further stated that during his marriage to Alice, he had two children, Juan and Rosie, and that he and Alice separated after Rosie was born. Pete Acuna indicated that he speaks very little English, and signed the form with an "X".

Pursuant to a contact from the Social Security Administration, Andy Acuna submitted a written statement which states in relevant part that she never obtained a divorce from Pete Acuna, nor did she ever receive notice that the wage earner had divorced her. She also stated that she did not speak or understand English very well.

At the hearing, plaintiff testified that the wage earner used the names "Pete," "Pedro," and "Joe." This was corroborated by plaintiff's daughter, who also testified that she had never heard the wage earner speak of another family or other children.

After considering all the evidence, the Administrative Law Judge (ALJ) found that plaintiff is not the legal wife of the wage earner within the meaning of the Social Security regulations for purposes of entitlement to wife's benefits.

■ In order to be entitled to benefits as the spouse of an insured wage earner who is entitled to disability insurance benefits, a claimant must be the wife as defined by the Social Security Act and regulations. Pursuant to 42 U.S.C. § 416(h)(1)(A) the status of "wife" is determined by the law of the state in which the insured is domiciled at the time the applicant files an application. If the state court would not find that the applicant and insured individual were not validly married, the applicant shall be deemed to be the wife if she would be able to inherit a wife's share of the insured's personal property under the state laws of intestacy. *See* 20 C.F.R. § 404.345 (1990).

---

1. It is unclear the basis on which plaintiff claims wife's benefits. At the time of her application, plaintiff was 55 years of age. Her only minor child, Becky Jo, was one month shy of 17 years. There is no indication that Becky Jo is disabled. Yet, on her application, plaintiff answered "yes" to the question: "Has an unmarried child of the worker ... who is under 16 or disabled lived with you during any of the last 13 months ...?"

The regulations further provide that a marriage will be deemed valid if the applicant in good faith went through a marriage ceremony with the insured that would have resulted in a valid marriage except for a legal impediment. Furthermore, to be deemed a valid marriage, the applicant and insured must have been living in the same household at the time of application for benefits. 20 C.F.R. § 404.346 (1990).

When plaintiff filed her application for benefits, the wage earner was living in Houston, Texas, and therefore the law of Texas is applicable. The validity of a marriage is determined by the law of the place where it was celebrated. *Braddock v. Taylor,* 592 S.W.2d 40 (Tex.Civ.App.1979). Thus, Texas would look to Arkansas law to determine whether the marriage between plaintiff and the wage earner was valid.

Arkansas law provides that a subsequent marriage before dissolution of a prior marriage is void. A.C.A. § 9–12–101. *See Standridge v. Standridge,* 298 Ark. 494, 769 S.W.2d 12 (1989). Thus, Arkansas would not consider the marriage between plaintiff and the wage earner as valid.

The result would be no different if Texas law were applied without regard to Arkansas law. Under Texas law, a marriage is void if either party was previously married and the prior marriage is not dissolved. Tex.Fam.Code Ann. § 2.22 (Vernon).

Here, any presumption in favor of the validity of the most recent marriage has been clearly rebutted. Both Andy Savala Acuna and the wage earner report that there was no legal dissolution of their marriage. Although there are a number of inconsistencies in the statements of the wage earner, the Court is persuaded that there is substantial evidence to support the ALJ's determination that the marriage of the wage earner and plaintiff was not valid because of a prior undissolved marriage.

The Court also finds that there is substantial evidence to support the ALJ's determination that plaintiff is not eligible for benefits under the deemed valid marriage rule. There is no dispute that plaintiff and the wage earner have not lived together since 1974.

Plaintiff argues that denying plaintiff benefits deprives her of her rights to equal protection and due process. The Court disagrees. As the Eighth Circuit stated in a similar situation:

> The SSA construes Congressional policy to be: the agency should pay *some* spouse of the wage earner; but the legal spouse is always to be preferred, and only one spouse can be entitled to benefits at any given time. That interpretation is consistent with the statutory test and its legislative history.

*Scott v. Bowen,* 845 F.2d 790, 794 (8th Cir.1988).

The Court finds that there is substantial evidence in the record to support the Secretary's decision that plaintiff did not meet the eligibility requirements of the Social Security Act.

Accordingly, the Secretary's motion for summary judgment is granted.

IT IS SO ORDERED.