IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 3, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES WILLIAM COULTER and wife DONNA LEE COULTER | ) | HAMILTON COUNTY |
| | ) | 03A01-9505-CH-00150 |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. HOWELL N. PEOPLES, |
| | ) | CHANCELLOR |
| | ) | |
| RICHARD ANTHONY HENDRICKS | ) | |
| | ) | |
| Defendant-Appellee | ) | AFFIRMED AND REMANDED |

W. GERALD TIDWELL, JR., OF CHATTANOOGA FOR APPELLANTS

WADE K. CANNON and TERRY ATKIN CAVETT OF CHATTANOOGA FOR APPELLEE

O P I N I O N

Goddard, P.J.

This is a suit by Charles William Coulter and Donna Lee Coulter, brother and sister of Linda Diane Rose Hendricks, who died in an automobile accident on April 24, 1994, seeking to have her marriage on April 1, 1994, to Richard Anthony Hendricks, annulled. The Chancellor granted Mr. Hendricks' motion under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, which

contended the complaint failed "to state a claim upon which relief can be granted."

The brother and sister appeal contending the Court was in error.

The Complainants allege that they are the sole heirs and next of kin of the deceased, who was married to Mr. Hendricks on April 1, 1994, and that their sister, as already noted, died on April 24, 1994. They contend that the marriage was void _ab initio_ because it was entered into in jest with no intention on the part of their sister to consummate it, and that their sister, because of her mental disability, did not have the capacity to enter into a marriage ceremony.

Mr. Hendricks' brief accurately states our standard of review as to Rule 12.02(6) motions:

> In considering the appeal of a Rule 12.02(6) motion to dismiss, the Court of Appeals is required to take the allegations of the complaint as true and to construe the allegations liberally in favor of the plaintiff. Pemberton v. American Distilled Spirits Co., 664 S.W.2d 690, 691 (Tenn.1984). Since this appeal is before the Court of Appeals on a question of law, the scope of the review is _de novo_ with no presumption of correctness for the trial court's conclusion. Montgomery v. Mayor of the City of Covington, 778 S.W.2d 444, 445 (Tenn.Ct.App.1988), perm. app. den. (Tenn.1989).
>
> A motion to dismiss pursuant to Rule 12.02(6) for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and, thus, is a test of the

2

sufficiency of the leading pleading. Humphries v. West End Terrace, Inc., 795 S.W.2d 128, 130 (Tenn.Ct.App. 1990), perm app. den. Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. id. However, admissions of this nature, made solely in connection with the motion to dismiss, do not constitute admissions chargeable to the proponent of the motion for purposes of the litigation as a whole. Anthony v. Tidwell, 560 S.W.2d 908, 910 (Tenn.1977). A complaint should be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim that would entitle him to relief. Pemberton, 664 S.W.2d at 691.

The principal question to be determined in this appeal is whether the marriage was void or voidable. The parties concede that if voidable the right to have it set aside abated upon the death of either party.

In resolving the issue raised, this Court, in Woods v. Woods, 638 S.W.2d 403 (Tenn.App.1983), an opinion by Judge Lewis, quotes with approval from Gibson's Suits in Chancery (5th ed.), as follows (at page 405):

> A marriage is void from the beginning (1) when either party was already lawfully married; or (2) ...; or (3) when the parties are within prohibited degrees of kinship; or (4) when, for any other reason, the marriage was prohibited by law, and its continuance is in violation of law. [Citations omitted.]

> A marriage is voidable from the beginning (1) when either party was insane;[1] or (2) the complainant was under duress; or (3) was under the age of consent; or (4) when the consent was obtained by force, or fraud, and was given by mistake; or (5) when the defendant was

---

[1] Emphasis supplied.

3

impotent;[2] or (6) when the woman was pregnant by another man without the knowledge of the complainant; or (7) when, for any other reason, the marriage was not binding on the complainant. [Emphasis supplied.]

2 Gibson's Suits in Chancery § 1147 note 10 (5th ed. 1956).

As to the insanity theory, we believe the Supreme Court case of Bryant v. Townsend, 188 Tenn. 630, 221 S.W.2d 949 (1949), is dispositive. In that case a non compos mentis married a woman some six weeks before her death. His heirs brought suit to have the marriage annulled so the widow could not inherit from his estate. The ground for annulment was that he lacked mental capacity to enter into the marriage. In that case the Supreme Court held the marriage was voidable, and in doing so stated the following (188 Tenn. at 634; 221 S.W.2d at 951):

Specifically, in the case of Cole v. Cole, 37 Tenn. 57, 70 Am.Dec. 275, it was held that where a marriage was attacked on the ground of the insanity of the woman who had not been adjudged non compos mentis, that the marriage was voidable and not void, and that the marriage could be ratified by her in a subsequent lucid interval. Had the marriage been void ab initio, obviously it could not have been later ratified, since in legal contemplation, it had never occurred.

We have no statute that prohibits or annuls the marriage of an insane person. The only applicable provision of our statutory law is that of the present marriage licensing law, which forbids the Clerk to issue a license when one of the parties is a known lunatic or imbecile, Section 3, Chap. 81, Public Acts of 1937, but disregard of this provision does not render the marriage void but merely voidable after an appropriate proceeding. Keith v. Pack, 182 Tenn. 420, 423, 187 S.W.2d 618, 159 A.L.R. 101.

---

[2] Emphasis in original opinion.

4

It can be seen from the foregoing that when the grounds for annulment are not prohibited by statute or by strong public policy and are such that the parties may subsequently ratify the marriage, it is voidable, rather than void.

The Plaintiffs contend that Bryant is not controlling because, as they insist in their brief, the decision was bottomed upon the fact that "since Mr. Bryant lived some six (6) weeks after his marriage, and his heirs knew of his mental defect prior to the marriage and took no action to protect him (i.e. appointment of a guardian), they had no grounds to bring the suit."

We, however, agree with the argument of Mr. Hendricks that this was an alternate reason for the Court's decision.

As to the marriage in jest feature of the appeal, we note that the cases cited by the Appellants apply the traditional common law contract rule to marriage; viz, mutual consent by parties intending to be bound. Davis v. Davis, 175 A. 174 (Conn. 1934); Crouch v. Wartenberg, 112 S.E. 234 (W.Va. 1922); Crouch v. Wartenberg, 104 S.E. 117 (W.Va. 1920).

Tennessee, however, does not follow the common-law rule as to marriage contracts, as shown by Bryant v. Townsend, supra, wherein the Court stated the following (188 Tenn. at 633; 221 S.W.2d at 950):

5

The law of marriage in Tennessee is not controlled by rules of the common law, but is a matter of statute. Since 1829, this Court has frequently so held.

"The more important provisions of these acts of Assembly are almost entirely the same, exhibiting a settled purpose to fix and regulate the contract of marriage so as to rest or be dependent on municipal law alone; establishing a system intended to be complete in itself, evidence by the attention paid to every particular, in form as well as substance, which the importance of such a relation, both in a private and a public view, so deservedly merited. Hence, these acts of Assembly, as was intended by them, operate and effect a change in the form and substance of the marriage contract, and its solemnization, from what it was at the common law. * * * we say, that these requirements, under these circumstances, constitute such a body of proof, as to render irrestible, in our opinions, the correctness of the position, that a marriage, to be valid, must be according to these acts, and that the common law is wholly superseded on the same subject by them." Bashaw v. State, 9 Tenn. 177, 183-184.

"Accordingly, since the year 1741, at the least, the common law mode of constituting a legal marriage is of no validity here. This point was examined at some length in the case of the State v. Bashaw, 1 Yerg. Rep. 177, and this conclusion arrived at and sustained by the court." Grisham v. State, 10 Tenn. 589, 592.

"We are, therefore, satisfied, and hold, that it was the intention of the general assembly, in enacting the provisions of the Code of 1858 upon the subject under consideration, to abrogate the common law in relation to marriages, and provide a new and exclusive manner in which such contracts should be made." Smith v. North Memphis Sav. Bank, 115 Tenn. 12, 31, 89 S.W 392, 396.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Appellants and their surety.

_____

Houston M. Goddard, P.J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.

7