# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Submitted on Briefs April 07, 2014

## WOODROW BEAMER, JR. v. AGATHA THOMAS A/K/A JEAN T. BEAMER

**Appeal from the Chancery Court for Shelby County**
**No. CH11-1359      Walter L. Evans, Judge**

---

**No. W2013-01279-COA-R3-CV - Filed July 28, 2014**

---

This appeal involves dismissal of a complaint. The plaintiff filed this declaratory judgment action, seeking a declaration that the 30-year marriage of his deceased father was void. The plaintiff asserted in the complaint that the allegedly void marriage interfered with his right to inherit from his deceased father. The defendant widow of the deceased father filed a motion to dismiss, asserting that she and the deceased father had resided in Mississippi for over 30 years and asked the trial court to dismiss the petition for lack of personal and subject matter jurisdiction. The trial court found that jurisdiction over the matter was proper in Mississippi and dismissed the complaint for lack of subject matter jurisdiction. We vacate the order of dismissal and remand for preliminary factual findings necessary for effective appellate review of the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Vacated and Remanded**

HOLLY M. KIRBY, J., delivered the Opinion of the Court, in which ALAN E. HIGHERS, P. J., W.S., and J. STEVEN STAFFORD, J., joined.

Petitioner/Appellant Woodrow Beamer Jr., Memphis, Tennessee, self-represented

No brief filed on behalf of Respondent/Appellee Jean T. Beamer

# OPINION

## FACTS AND PROCEEDINGS BELOW

On August 17, 2011, Petitioner/Appellant Woodrow Beamer, Jr. ("Son") filed a Petition for Declaratory Judgment in the Chancery Court of Shelby County, Tennessee. The lawsuit was filed *pro se* against Respondent/Appellee Jean T. Beamer ("Wife")[1] regarding her 30-year marriage to Son's father, Woodrow Beamer, Sr. In the Petition, Son asserted that, by virtue of the allegedly void marriage between Wife and Son's father, Wife had "unlawfully placed herself into the descent and distribution of the estate of Woodrow Beamer, Sr. as the surviving spouse and sole heir at law to the estate of Woodrow Beamer," and thus was "causing injury to [Son's] heirship rights to his father's estate. . . ." Son asked that "the August 27, 1970 purported marriage between [Wife and his father] be declared to be a nullity and void *ab initio* and not good for no purpose [sic]."

On May 23, 2012, Wife entered a "special appearance" and filed a responsive pleading, namely, an answer to Son's Petition combined with a motion to dismiss. Wife's responsive pleading asserted that she is a resident of Massachusetts and previously had resided in Mississippi for 40 years. It claimed that she and Son's father resided in Mississippi as husband and wife for some 30 years before he died, so any dispute regarding his estate or their marriage would have to be filed in Mississippi. The motion asked the trial court to dismiss the complaint for lack of personal and subject matter jurisdiction.

On April 18, 2013, the trial court entered an order granting the motion to dismiss. The trial court indicated in the order that it had held a hearing on the motion to dismiss, but the appellate record does not include a transcript or statement of the evidence on the hearing. In the order, the trial court stated that, after reviewing the pleadings and considering the motion, it had determined that "substantive issues contained in the Petition relate to heirship and de[s]cent and distribution of person[al] and real property located in the State of Mississippi, and that jurisdiction of those matters is proper in the State of Mississippi. . . ." On that basis, the trial court dismissed Son's Petition for lack of subject matter jurisdiction.

On May 1, 2013, Son filed a motion to alter or amend the trial court's order. This motion was denied. Son now appeals.

---

[1] In one paragraph in the petition, Son asserted that Wife was a resident of Massachusetts, and in another he asserted that she was a resident of Mississippi. Son resided in Shelby County, Tennessee, and he alleged that Wife and his father married in Tennessee.

On appeal, Son asserts that the trial court erred in dismissing his Petition for lack of subject matter jurisdiction. "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

### ANALYSIS

On appeal, Son argues that, since he was asking the Tennessee trial court to declare his father's marriage to Wife void under Tennessee law, the Tennessee trial court had subject matter jurisdiction to grant that relief. He did not ask the Tennessee trial court to adjudicate any issue regarding real estate in Mississippi, he contends, so the trial court erred in dismissing his petition for declaratory judgment.

We have carefully reviewed the scant record in this cause. In his Petition, Son asserts that Wife's marriage to his father is void because, at the time of the marriage, his father was still married to his first wife, Son's mother. The Petition claims that the marriage between his father and his mother took place in Mississippi, and that they never divorced. Son's Petition states that he seeks a declaration that Wife's marriage to his father was void for the following reason:

> [Son] alleges the void marriage displaces him from his lawful position relative to the descent and distribution of the estate of Woodrow Beamer, Sr. and that said displacement of [Son's] lawful position as an heir would be redressed by a decision of this court declaring the said marriage between Woodrow Beamer, Sr. and [Wife] void ab initio.

We agree with the learned trial judge that Son's Petition, taken as a whole, seeks adjudication of issues relating to Son's rights regarding descent and distribution of his father's estate. Indeed, since Son was obviously not a party to the marriage he alleges is void, the fact that Son seeks property rights arising out of his father's estate is the only thing that gives him standing to seek a declaration that Wife's marriage to his father was void. *Ochalek v. Richmond*, No. M2007-01628-COA-R3-CV, 2008 WL 2600692, at *3 (Tenn. Ct. App. June 30, 2008) (finding son entitled to inherit under laws of intestacy is proper person to challenge marital status of his father and had standing to pursue such an action) (citing Tenn. Code Ann. § 29-14-105); *see also Coulter v. Hendricks*, 918 S.W.2d 424, 426 (Tenn. Ct. App. 1995)); *compare Brewer v. Griggs*, 10 Tenn. App. 378, 388 1929 WL 27656, at *8 (Tenn. Ct. App. May 18, 1929) (heir-expectant was "wholly without right to maintain a suit to obtain

annulment of the marriage between [his brother and defendant wife], for the courts are without jurisdiction to decree an annulment of a marriage upon a bill brought by 'a stranger to the contract.' "), *with Gentry v. Gentry*, 924 S.W.2d 678 (Tenn. 1996) (citing *Page v. Turncott*, 167 S.W.2d 350, 354 (Tenn. 1943)) (competing heirs assert decedent's marriage void *ab initio* because prior divorce invalid). *See generally In re Estate of Smallman*, 398 S.W.3d 134, 148 (Tenn. 2013)(citing *Coulter v. Hendricks*, 918 S.W.2d 424, 426 (Tenn. Ct. App. 1995)) (issue of standing of decedent's sons discussed but appellate court ultimately held it was waived).

Under these facts, however, the question of standing is separate from the issue of the trial court's subject matter jurisdiction. *See In re Estate of Smallman*, 398 S.W.3d at 148-49 (issue of whether decedent's sons had standing to challenge validity of marriage between decedent and his alleged widow did not implicate trial court's subject matter jurisdiction in sons' declaratory judgment action challenging validity of decedent's recent marriage and validity of will under which decedent's alleged widow claimed to be sole beneficiary). Therefore, we cannot affirm the trial court's dismissal for lack of subject matter jurisdiction based solely on the fact that Son's Petition in effect seeks an adjudication of "heirship" issues. *See id.* (defendant widow's assertion that trial court lacked subject matter jurisdiction rejected).

The only other basis for the trial court's holding is its finding that "substantive issues contained in the Petition relate to . . . person[al] and real property *located in the State of Mississippi,* and that jurisdiction of those matters is proper *in the State of Mississippi.*" We agree with the learned trial judge that Son's action likely should be filed in a court with jurisdiction to adjudicate the "heirship" issues he references in the Petition. *See e.g., In re Estate of Smallman*, 398 S.W.3d at 148-49; *Coulter*, 918 S.W.2d at 426; *Nunley v. Nunley*, 210 A.2d 12, 14-15 (D.C. 1965) (competing heirs sought declaratory judgment that marriage of putative surviving spouse to decedent was void *ab initio*; proper forum is court with jurisdiction to determine claims to property of decedent); *In re Estate of Santolino*, 895 A.2d 506 (N.J. Super. Ct. Ch. Div. 2005) (heirs assert in context of probate proceeding that decedent's marriage was void). However, Son's Petition does not state that his father lived in Mississippi at the time of his death or that a Mississippi court has jurisdiction over his father's estate. Wife avers in her responsive pleading that Wife and Woodrow Beamer, Sr. resided together in Mississippi and that his probate proceedings were in Mississippi, but the record does not contain any indication that Son admitted the truth of these assertions, and we cannot assume Wife's assertions to be true for purposes of her motion to dismiss Son's Petition.

As this Court has explained:

"Factual" challenges to subject matter jurisdiction require a different approach both in the trial court and on appeal. A "factual" challenge denies that the court actually has subject matter jurisdiction as a matter of fact even though the complaint alleges facts tending to show jurisdiction. It controverts the complaint's factual allegations regarding jurisdiction, and puts at issue the sufficiency of the evidence to prove facts that would bring the case within the court's subject matter jurisdiction. "Factual" challenges to jurisdiction create "genuine issues as to material fact," but they do not require courts to convert the motion into one for summary judgment. Instead, the courts must resolve these factual issues, at least preliminarily. The court must "determine whether the evidence in favor of finding jurisdiction is sufficient to allow the case to proceed."

*Midwestern Gas Transmission Co. v. Dunn*, No. M2005-00824-COA-R3-CV, 2006 WL 464113, at *12 (Tenn. Ct. App. Feb. 24, 2006) (internal citations and footnotes omitted). Thus, in some situations, the trial court must make preliminary factual findings in order to determine whether it has subject matter jurisdiction to adjudicate the claims asserted.

In the instant case, the trial court referred in its order to "persons and real property located in the State of Mississippi" and stated that jurisdiction over the "heirship" matters was "proper in the State of Mississippi" as the premise for its holding that it did not have subject matter jurisdiction to adjudicate Son's Petition. The trial court's order, however, does not include preliminary factual findings on where Son's father lived or the basis on which a Mississippi court would have jurisdiction over the descent and distribution issues arising from the father's death. Based on the record before us, we cannot know whether Woodrow Beamer, Sr. was a resident of Mississippi at the time of his death, whether he owned real property in Mississippi at the time of his death, or whether the court adjudicating claims against his estate is located in Mississippi. Preliminary factual findings on these issues are needed as the predicate for the trial court's grant of the motion to dismiss. *Id.*

"We would like nothing more than to bring about a final resolution of this litigation. Alas, it is not to be." *Grand Valley Lakes Prop. Owners' Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, 2009 WL 981697, at *4 (Tenn. Ct. App. Apr.13, 2009). In the absence of the preliminary factual findings undergirding the trial court's dismissal for lack of subject matter jurisdiction, "[t]his Court cannot complete its responsibility to conduct effective appellate review." *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *3 (Tenn. Ct. App. 2009) (quoting *King v. Spain*, No. M2006-02178-COA-R3-CV, 2007 WL 3202757, at *9 (Tenn. Ct. App. Oct. 31, 2007)). We are left with little choice but to vacate the trial court's decision and remand the case to the trial court for the preliminary factual findings necessary for effective appellate review of its

dismissal of Son's Petition. This holding does not preclude the trial court from considering other bases asserted for Wife's motion to dismiss in the course of the proceedings on remand.

## CONCLUSION

The decision of the trial court is vacated and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed one-half against the Plaintiff/Appellant Woodrow Beamer, Jr., and one-half against the Respondent/Appellee Agatha Thomas, aka Jean T. Beamer, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE